IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RENEE A. CHRUSTOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 25-487-CFC |
| ) | |
| CAPANO MANAGEMENT CO, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Renee A. Chrustowski, Middletown, Delaware – *Pro Se* Plaintiff

May 21, 2025
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

On April 22, 2025, Plaintiff Renee A. Chrustowski, of Delaware, filed this civil action *pro se* against Defendants Capano Management Co and Prudential Financial, of Delaware and New Jersey respectively, and moved for leave to proceed *in forma pauperis*. (D.I. 2.) Plaintiff has been granted leave to proceed *in forma pauperis*. (D.I. 4.) The Court proceeds to review and screen the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

The Complaint asserts that on September 20, 2023, and February 20, 2024, in Delaware and New Jersey, Plaintiff was "abused, assaulted and discriminated against by the Middletown Police, while living at the Estates of Dove Run, owned by the Capano Management," (D.I. 2 at 4-5) and Plaintiff was "discriminated against by Prudential Financial, who withheld money and fund[s] from [Plaintiff] in [her] account to provide assistance to undeserving individuals over [her]. They fraudulently embez[z]led and extorted money from [her] account to help undeserving women overpopulat[e] the U[.]S." (*id.* at 6). The Complaint also alleges harassment, abuse, identity theft, wire fraud embezzlement, and extortion by apparent family members, possible personal acquaintances, "church members,"

1

"NAACP members, Blacks, Africans, minorities, and foreigners." (*Id.* at 5-6.) Plaintiff sustained injuries to her back and neck from the foregoing, for which she now seeks $20 million in money damages. (*Id.* at 7.)

### III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

2

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court finds that the claims asserted are frivolous, and the Complaint fails to state a claim upon which relief may be granted, warranting dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(e)(2)(B)(ii). Plaintiff's claims here are merely based on bald assertions and legal conclusions, without facts alleged to support them. Moreover, Plaintiff's claims are clearly baseless, they arise from a fantastic or delusional factual scenario, or they rely on an indisputably meritless legal theory of liability, among other potentially meritless legal theories. As such, amendment is futile.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915(e)(2)(B)(ii). (D.I. 2.) Amendment is futile.

An appropriate Order will be entered.